# IN THE COURT OF APPEALS OF IOWA

No. 15-1341
Filed July 27, 2016

**STATE OF IOWA,**
        Respondent-Appellee,

**vs.**

**BRIAN TIMOTHY SHEPHERD,**
        Petitioner-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Stephen C. Gerard II, District Associate Judge.

Petitioner appeals the denial of his petition to expunge a conviction filed pursuant to Iowa Code section 123.46 (2011). **AFFIRMED.**

Douglas L. Tindal of Tindal Law Office, P.L.C., Washington, for appellant.

Thomas J. Miller, Attorney General, and Alexandra Link, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Brian Shepherd filed a petition pursuant to Iowa Code section 123.46(6) (2011) to expunge his February 2011 conviction for public intoxication, third offense. That code section provided, in relevant part, as follows:

> Upon the expiration of two years following conviction for a violation of this section, a person may petition the court to expunge the conviction, and if the person has had no other criminal convictions, other than simple misdemeanor violations of chapter 321 during the two-year period, the conviction shall be expunged as a matter of law.

Iowa Code § 123.46(6). The district court denied Shepherd's petition because Shepherd was convicted in September of 2011, within two years of the conviction at issue, for public intoxication, third offense. Shepherd contends the district court erred in denying his petition because, although he was convicted of an offense within the two-year period following the conviction at issue, the subsequent offense had been expunged pursuant to section 123.46(6).

We conclude the district court did not err in interpreting the statute and applying the statute to the facts of this case. *See State v. Myers*, No. 09-1374, 2010 WL 2925849, at *2 (Iowa Ct. App. July 8, 2010) ("On appeal from a district court's interpretation of a statute, we review for correction of errors of law."). A conviction can be expunged pursuant to section 123.46(6) only if the person has not been convicted within the two-year window immediately following the conviction. The determination of whether a conviction can be expunged is made at the end of the two-year window, *see id.* (interpreting predecessor statute to refer "to a particular two-year time period starting with the date of conviction and ending two years thereafter"), and eligibility cannot be revived based on the

expungement of a disqualifying conviction. The plain language of the statute supports this interpretation. *See Oyens Feed & Supply, Inc. v. Primebank*, ___ N.W.2d___, _____, 2016 WL 3030828, at *5 (Iowa 2016) ("When the plain language of a statute . . . is clear, we need not search for meaning beyond the statute's express terms. We may presume the words contained within a statute have the meaning commonly attributed to them."). The contrary interpretation would lead to absurd results. Under Shepherd's interpretation, a person could be convicted once per month for a violation of section 123.46 in the two-year period following the initial conviction, wait two years from the date of the final conviction without any further disqualifying convictions, and then petition to expunge each of the prior convictions by petitioning to expunge each in reverse chronological order thereby expunging the disqualifying conviction. This would defeat the purpose of the statute and render it without much, if any, effect. We reject this interpretation and affirm the judgment of the district court.

**AFFIRMED.**